THOMAS BUCHANAN, Administrator of the Estate of Carl Westerland, Deceased, Respondent, v. WALTER PRALL, Appellant.

(167 N. W. 488.)

Conveyance of land — grantor of week and unsound mind — suicide — action by administrator — to rescind conveyance.

1. Carl Westerland, being a person of weak and unsound mind, conveyed to defendant a quarter section of land at much less than its value. He then committed suicide, and this action was at once commenced to rescind the conveyance.

Person of unsound mind — contract or conveyance by — subject to rescission — undue influence — may consist of taking unfair advantage of another's weakness of mind — rescission may follow.

2. Under the statute a conveyance or other contract of a person of unsound mind, but not entirely without understanding, is subject to rescission. Rescission may be for undue influence which consists in taking an unfair advantage of another's weakness of mind. The judgment for rescission is affirmed.

Opinion filed April 22, 1918.

Appeal from the District Court of Foster County, Honorable J. A. Coffey, Judge.

Defendant appeals.

Affirmed.

Craven & Morris (Edward P. Kelly, of counsel), for appellant.

It is to be presumed that all persons over the age of majority are sane and capable of transacting business. The burden therefore of

proving insanity is upon the party alleging it. 22 Cyc. 1115, notes 16, 17 cases cited.

"The test of whether a person is competent to make a deed is that he should be qualified to do that particular business rationally,—not, on the one hand, that he should be capable of doing all kinds of business with judgment and discretion; nor, on the other, that he should be wholly deprived of reason so as to be incapable of doing the most familiar and trifling work." Nelson v. Thompson, 15 N. D. 295, 121 N. W. 1058; Jackson v. King, 4 Cow. 207, 15 Am. Dec. 354; Westerland v. Newberry, 164 N. W. 323.

To avoid a contract on the ground of mental unsoundness there must be an inability to know what the act is to which the contract relates. Whart & S. Med. Jur. § 2.

So long as one possesses requisite mental faculty to transact rationally the ordinary affairs of life, he will not be relieved from the responsibility of the ordinary citizen. Titcomb v. Vantyle, 84 Ill. 371.

The party must be incapable of fully comprehending and understanding the consequences which shall naturally come from his acts in the particular instance. Baldwin v. Dunton, 40 Ill. 188; Harvy v. Chase, 52 Me. 305.

If a man be legally *compos mentis* he is the disposer of his own property, and his will stands for the reason of his actions. Osmund v. Fitzroy, 4 P. Wms. 129; Shelf. Lun. 27; Whart. & S. Med. Jur. § 74.

*T. F. McCue,* for respondent.

This is an action to rescind and to restore the parties to *status quo,* and not an action to recover the land without returning everything received for it. A court of equity proceeds upon the assumption that it can result in no injustice to place both parties in the position in which they were prior to the making of the contract. In this respect the trial court has the right to exercise its sound discretion, and after such court has seen and observed the witness, and has fully considered the facts and circumstances, and has exercised its discretion, its decision should not be disturbed unless substantial justice has not been done. 2 Warvelle, Vend. p. 833; Mutual L. Ins. Co. v. Pearson, 114 Fed. 395; Shaefer v. Steade, 7 Blackf. 184.

The introduction of testimony as to conversations of defendant had with deceased is prohibited. Comp. Laws 1913, § 7871, ¶ 2.

The deeding away of one's land is not classed among the common things, and when the consideration especially is inadequate, a presumption of fraud and undue influence arises.

Inadequacy of price, or the mental inequality of the persons, may raise such presumption, if so gross, and so great, as to shock the conscience; or either may aid in raising such presumption if accompanied by other conditions and circumstances, such as disability.    14 Am. & Eng. Enc. Law 2d ed. 194.

Because so many persons who destroy their own lives are insane at the time, the fact of such suicide removes the presumption of sanity. Coffey v. Home Ins. Co. 35 N. Y. Supp. 314.

Evidence to offset this was based merely upon impressions and conclusions, and therefore improper as proof.   No familiar relations or intimate accquaintance was shown.   Paul v. Clements (Mich.) 142 N. W. 384.

The proof in such a case is complete when the evidence shows the grantor was of unsound mind, coupled with any other fact that amounts to deceit or the taking advantage of such condition—such as an inadequate consideration.   Comp. Laws 1913, § 4344.

A conveyance or other contract of a person of unsound mind but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission as provided by the statute.   Mack v. Blanchard (S. D.) 90 N. W. 1042; More v. Calking (Cal.) 24 Pac. 729.

All that is required is to show that the grantor was of unsound mind at the time he made the conveyance.   Thronson v. Blough, 166 N. W. 132.

Insanity is a question of fact to be determined by the court upon all of the evidence before it.   Cogan v. Cogan (Mass.) 88 N. E. 662.

ROBINSON, J.  As the administrator of Carl Westerland, plaintiff sues to rescind a deed by which the deceased conveyed to defendant the legal title to a good quarter section of land (the N. W.¼ 26–147–65 in Foster county).   The land has never been used.   It is good, new, rolling prairie.   It is in a splendid location.   It is 4 miles south from Brantford on the Great Northern Railway.

The grounds for rescission are that at the time of the making of the deed and for several years prior thereto, the deceased was a person

of weak and unsound mind, and that defendant took an unfair advantage of his weakness of mind by purchasing the land for $25 an acre when it was well worth $35 to $40 an acre. Under the statute "a conveyance or other contract of a person of unsound mind but not entirely without understanding, is subject to rescission." Comp. Laws, § 4344.

Rescission may be for undue influence which consists: (1) In the use by one in whom confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him; (2) in taking an unfair advantage of another's weakness of mind; or (3) in taking a grossly oppressive and unfair advantage of another's necessities or distress. Comp. Laws, § 5852.

The conveyance in question was made on August 23, 1914. In eleven days the grantor committed suicide. The action was commenced and notice of the pendency of the same was filed on September 11, 1917. Defendant never paid anything on the land except by check. He took it subject to encumbrances of $2,200, and for the balance he gave a check on his own bank for $1,800. The check was never used, and it is at the command of and has been tendered to the defendant. There are no complications arising from a transfer to an innocent purchaser or from any laches or a failure to return the check. The only questions presented are: Was the deceased a person of weak and unsound mind at the time of the transaction and did the defendant take an unfair advantage of his weakness of mind? Did defendant buy the good land at $25 an acre when it was well worth $34 or $40 an acre? Such is the finding of the district judge, and such are the facts as shown by the testimony. Buchanan was a thoroughly competent witness, and he testified that the land was worth $38 an acre, and that he refused $35 an acre for an adjoining quarter; and Mr. Pattee, a witness for the defendant, put the value of the land at $35 an acre. Defendant himself puts the cash value at $25 an acre, but claims cash value is $10 an acre less than the time value. It appears deceased had no pressing need for the money, so he did not cash the check. He offered to let defendant take it home with him and to apply it on a debt not due. We may well conclude that the land was worth at least $35 an acre, and that in contracting to sell it

for $2,000 less than its value and to receive a check for $1,800, to apply it on a debt not due, or to carry it in his pocket, deceased showed himself to be a person of unsound mind, the same as when he took his life eleven days later.

This case does not fairly present any question in regard to the insanity of the deceased. The question is in regard to his weakness and unsoundness of mind. That is well shown by the testimony of physicians and his attorney McCue and Mr. Buchanan, and by his imbecile transactions and his suicide. The judgment is clearly right, and it is affirmed, with directions to send down the remittitur and close the case forthwith.

BRUCE, Ch. J., and GRACE, J., concur in result.